UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONTEST PROMOTIONS, LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>   Defendant. | Case No. 15-cv-00093-SI<br><br>**ORDER ON PLAINTIFF'S MOTION FOR INJUNCTION PENDING APPEAL**<br><br>Re: Dkt. No. 57 |

This Court has presided over several disputes between plaintiff Contest Promotions LLC ("Contest Promotions") and defendant City and County of San Francisco ("San Francisco" or "the City") related to San Francisco's sign regulations.[1] On July 28, 2015, the Court dismissed this lawsuit with prejudice, Dkt. No. 43, and plaintiff appealed to the Ninth Circuit. The parties finished briefing the appeal in June 2016 and await oral argument.

Before the Court is plaintiff's motion for an injunction pending appeal.[2] Plaintiff seeks an injunction to prevent the City from enforcing provisions of the San Francisco City Planning Code (the "Planning Code") and from levying associated fines. On December 21, 2016, the Court held a hearing on plaintiff's motion. After careful consideration of papers submitted, the Court hereby DENIES plaintiff's motion.

**BACKGROUND**

The Court set forth a detailed factual background in its previous orders in this case, as well

---

[1] Case Nos. 09-cv-04434 (closed Feb. 4, 2013), 15-cv-04365 (closed Mar. 17, 2016), 15-cv-00093 (closed July 28, 2015), *appeal docketed*, No. 15-16682 (9th Cir. Aug. 25, 2015), and 16-cv-06539 (filed Nov. 10, 2016).

[2] Plaintiff has also filed a motion for preliminary injunction in Case No. 16-cv-06539. This order does not address that motion.

as in a recently filed order in the most recent related case. *See* Dkt. Nos. 25, 43; *Contest Promotions LLC v. City & Cnty. of S.F.*, Case. No. 16-cv-06539-SI, Dkt. No. 27. The Court will not repeat a detailed background here.

In this case, this Court twice rejected Contest Promotions' argument that Planning Code section 602.3 operates as an unconstitutional burden on speech. Dkt. Nos. 25, 43. Contest Promotions appealed from the Court's judgment on August 25, 2015. Dkt. No. 47. The City served Contest Promotions with new Notices of Enforcement ("NOEs") in October and November 2016, and Contest Promotions filed this motion for an injunction pending resolution of the appeal. Mot. (Dkt. No. 57). At the same time, and premised on the same new NOEs, Contest Promotions filed a new action challenging provisions of Article 6 of the Planning Code, and filed a motion for a preliminary injunction in that case. *See Contest Promotions, LLC v. City and Cnty. of S.F.*, No. 16-cv-6539 (N.D. Cal. filed Nov. 10, 2016).

**LEGAL STANDARD**

When a notice of appeal is filed, jurisdiction over the matters being appealed normally transfers from the district court to the appeals court. *See Marrese v. Am. Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985) ("In general, filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal."). The Federal Rules of Civil Procedure provide an exception, however, that allows the district court to retain jurisdiction to "suspend, modify, restore, or grant an injunction" during the pendency of the appeal. *Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001) (citing Fed. R. Civ. P. 62(c)).

"The district court retains jurisdiction during the pendency of an appeal to act to preserve the status quo." *Natural Res. Def. Council Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (citations omitted). However, Rule 62(c) "does not restore jurisdiction to the district court to adjudicate anew the merits of the case." *Id.* (citation and internal quotation marks omitted). "The district court's exercise of jurisdiction should not materially alter the status of the case on appeal." *Mayweathers*, 258 F.3d at 935 (citation in internal quotation marks omitted).

Under Rule 62(c), the factors regulating the issuance of the injunction are "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The standard for a Rule 62(c) injunction pending appeal is similar to the standard for a preliminary injunction, *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir.1983), which requires the plaintiff to "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 20 (2008) (citations omitted).

## DISCUSSION

This Court has fully adjudicated Contest Promotions' request for injunctive relief as to the new NOEs in the new action it filed, 16-cv-6539, Dkt. No. 27.

In addition, however, Contest Promotions brings this motion under Federal Rule of Civil Procedure 62(c), which permits district courts to "suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights" while an appeal is pending. Fed. R. Civ. P. 62(c). The City does not dispute the applicability of Rule 62(c); but an injunction under Rule 62(c) is only appropriate where it merely "act[s] to preserve the status quo." *Natural Res. Def. Council*, 242 F.3d at 1166 (citations omitted). Where "[i]f granted, . . . the effect will be to give [an] appellant the fruits of victory whether or not the appeal has merit[,]" an injunction should issue only where the "appellant has presented a substantial question for consideration on appeal." *Jimenez v. Barber*, 252 F.2d 550 (9th Cir. 1958).

In July 2015, this Court entered judgment for the City. Over a year later, plaintiff filed this motion for an injunction pending appeal. The "status quo" in this litigation is the Court's holding

that Planning Code section 602.3 does not unconstitutionally burden protected speech. What Contest Promotions seeks is an alteration, rather than a preservation, of the status quo. Entering an injunction at this stage would, in a sense, "serve to adjudicate anew the merits of the case." *See Natural Res. Def. Council*, 242 F.3d at 1166. The Court declines to exercise jurisdiction over this motion.

In any event, for the reasons set forth in the Court's prior dismissal orders, Dkt. Nos. 25, 43, as well as in the Court's order denying Contest Promotions' motion for a preliminary injunction in Case No. 16-cv-06539, Contest Promotions cannot demonstrate the likelihood of success required for an injunction pending appeal.

Accordingly, plaintiff's motion for an injunction pending appeal is hereby DENIED.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES plaintiff's motion for an injunction pending appeal.

This order resolves Dkt. No. 57.

**IT IS SO ORDERED**.

Dated: January 9, 2017

_____
SUSAN ILLSTON
United States District Judge

4